Angel R. Sevilla (State Bar No. 239072)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:  (415) 394-9400
Facsimile:   (415) 394-9401
E-mail:  Angel.Sevilla@jacksonlewis.com

Attorneys for Defendant
SUNRISE SENIOR LIVING MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| ASHLEIGH VALDEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>SUNRISE SENIOR LIVING MANAGEMENT, INC.; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332; 28 U.S.C. §§ 1331; 1367(A) AND 1441**<br><br>**[DIVERSITY JURISDICTION] [FEDERAL QUESTION]**<br><br>Complaint Filed:     September 21, 2020<br>Complaint Served:  September 22, 2022 |

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF ASHLEIGH VALDES AND HER ATTORNEYS OF RECORD:

PLEASE  TAKE  NOTICE  that  Defendant  SUNRISE  SENIOR  LIVING MANAGEMENT, INC. ("Defendant" or "Sunrise") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1367(a); 1332 and 1441(a) and remove the above-entitled action filed by Plaintiff Ashleigh Valdes [erroneously named in the Complaint as Ashleigh Valdez] from the Superior Court of the State of California in and for the County of Monterey to this Court.

///

1                          Case No. TBA
Defendant's Notice of Removal of Action to Federal Court
Under 28 U.S.C. §§ 1331, 1332, 1367, and 1441(a) [Diversity Jurisdiction and Federal Question]

1  Angel R. Sevilla (State Bar No. 239072)
2  JACKSON LEWIS P.C.
   50 California Street, 9th Floor
3  San Francisco, California 94111-4615
   Telephone:  (415) 394-9400
4  Facsimile:   (415) 394-9401
   E-mail:  Angel.Sevilla@jacksonlewis.com
5
6  Attorneys for Defendant
   SUNRISE SENIOR LIVING MANAGEMENT,
7  INC.

8                    UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

10

11  ASHLEIGH VALDEZ [SIC],              Case No.

12               Plaintiff,            **DEFENDANT'S NOTICE OF
                                       REMOVAL OF ACTION TO FEDERAL
13        v.                           COURT UNDER 28 U.S.C. §§ 1332; 28
                                       U.S.C. §§ 1331; 1367(A) AND 1441**
14  SUNRISE SENIOR LIVING
    MANAGEMENT, INC.; and DOES 1 through
15  50, inclusive,                     **[DIVERSITY JURISDICTION]
                                       [FEDERAL QUESTION]**
16               Defendants.

17                                     Complaint Filed:     September 21, 2020
                                       Complaint Served:  September 22, 2022
18

19  TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20  NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF ASHLEIGH VALDES AND HER

21  ATTORNEYS OF RECORD:

22        PLEASE   TAKE   NOTICE   that   Defendant   SUNRISE   SENIOR   LIVING

23  MANAGEMENT, INC. ("Defendant" or "Sunrise") hereby invokes this Court's jurisdiction

24  under the provisions of 28 U.S.C. §§ 1331, 1367(a); 1332 and 1441(a) and remove the above-

25  entitled action filed by Plaintiff Ashleigh Valdes [erroneously named in the Complaint as

26  Ashleigh Valdez] from the Superior Court of the State of California in and for the County of

27  Monterey to this Court.

28  ///

                                       1                          Case No. TBA

## I.      PRELIMINARY STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this action is therefore one that may be removed to this Court by Defendant under 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

2.      This Court also has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1367(a), and 1441(a) because it is a civil action brought under federal law.

## II.     VENUE

3.      Defendant will move for a transfer of venue to the United States District Court most appropriate and convenient for the parties.  Defendant alleges that, for purposes of this removal, venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  As stated above, Plaintiff brought this action in the Superior Court of the State of California in and for the County of Monterey.  Thus, for removal purposes, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(a), 1391(a), 1441(a).

4.      The United States District Court, San Jose Division, is the proper division for this action under Northern District of California, Local Rule 3-2(d), which states that all civil actions which arise in the County of Monterey shall be assigned to the San Jose Division.

## III.    PLEADINGS

5.      On September 21, 2020, Plaintiff filed a civil complaint against Defendant in the Superior Court of the State of California, in and for the County of Monterey ("Superior Court") entitled *Ashleigh Valdez [sic] v. Sunrise Senior Living Management, Inc. and Does 1 through 50, inclusive*, Case No. 20CV002526.  (Declaration of Angel R. Sevilla ("Sevilla Decl."), ¶2, Exh. A.)

///

6.      Although Plaintiff filed the lawsuit on September 21, 2020, Plaintiff did not serve the Complaint for more than two years.  Plaintiff personally served a summons and complaint on Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC. on September 22, 2022. (Sevilla Decl., Exh. A.)

7.      In her Complaint, Plaintiff alleged causes of action under the California Labor Code that have been released pursuant to the class action settlement in the consolidated cases, *Van Cleave v. Sunrise Senior Living Management, Inc.*, Case No. 3:19-cv-00044 (L) (NLS) (S.D. Cal.); and *Schlieser v. Sunrise Senior Living Management, Inc.*, Case No. 8:19-cv-00443 (JAK) (PLA) (C.D. Cal.).  (Sevilla Decl., ¶4.)

8.      On October 14, 2022, Defendant filed and served its Answer in Monterey County Superior Court.  A true and correct copy of Defendant's Answer is attached as **Exhibit B** to the Declaration of Angel R. Sevilla.  (Sevilla Decl., Exh. B.)

9.      Pursuant to 28 U.S.C. § 1446(a), Defendant has attached all process, pleadings, and orders that have been filed, served, or received by Defendant in this action.  (Sevilla Decl., Exhs. A & B).  A true and correct copy of this Notice of Removal will be served upon all parties and filed with the Clerk of the Monterey County Superior Court, in accordance with the provisions of 28 U.S.C. § 1446(d).  (Sevilla Decl., ¶7.)

## IV.    TIMELINESS OF REMOVAL

10.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Defendant filed it within 30 days after Plaintiff served the Complaint.

## V.    THIS CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION

11.     This Court has original jurisdiction under 28 U.S.C. § 1332, as the case is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12.     For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

3                                    Case No. TBA
Defendant's Notice of Removal of Action to Federal Court
Under 28 U.S.C. §§ 1331, 1332, 1367, and 1441(a) [Diversity Jurisdiction and Federal Question]

13.     A natural person's citizenship is determined by his state of "domicile." *See Lew,* 797 F.2d at 749.  A person's domicile is her permanent home, where he resides with the intention to remain or to which she intends to return. *Id.* at 749-750.

14.     Plaintiff's Complaint states Plaintiff is a resident of Monterey County. (Complaint, Exh. A, ¶ 1.)  Therefore, Plaintiff is a citizen of California.

15.     A corporation is considered a citizen of any state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332 (c)(1). In *Hertz Corp v. Friend*, 559 U.S. 77 (2010), the United States Supreme Court recognized and adopted the "nerve-center" test to determine the state in which a corporation has its principal place of business. *Id.* at 93.  Under the "nerve-center" test, the principal place of business refers to the place "where a corporation's officers direct, control, and coordinate the corporation's activities." Id. at 92-93.

16.     Defendant Sunrise Senior Living Management, Inc. is a Virginia corporation with its principal place of business at 7902 Westpark Drive, McLean, Virginia.  (*See* Decl. of Wendy Sekel ("Sekel Decl."), ¶ 3.)

17.     Defendant's executive, finance, accounting, marketing, and legal functions are all centralized at its headquarters in Virginia.  Virginia is where company-wide decisions and policies are made.  (Sekel Decl., ¶3).  Accordingly, under the nerve center test, Sunrise's principal place of business is Virginia.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194 (2010). Therefore, Sunrise is a Virginia citizen.

18.     The Plaintiff has named as Defendants DOES 1 through 50.  For purposes of removal jurisdiction, the "citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b).

19.     The diversity element of 28 U.S.C. § 1332 removal is satisfied because Plaintiff is a citizen of California and Defendant is incorporated in Virginia with its principal place of business in Virginia.  Accordingly, there is "complete diversity."

## VI.   **AMOUNT IN CONTROVERSY**

20.     Without conceding that Plaintiff is entitled to damages or can recover damages in

any amount whatsoever, the amount in controversy in this action exceeds $75,000 exclusive of interest and costs.  28 U.S.C. § 1332 (a).

21.     Plaintiff's Complaint does not specify a particular amount in controversy.  Where a plaintiff's state court complaint does not specify the particular amount of damages claimed, the United States Supreme Court has held "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and the statement need not contain evidentiary submissions. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82, 89 (2014). If a plaintiff contests a defendant's allegations, defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-1320 (11th Cir. 2001) (courts may consider factual statements in defendant's notice of removal in assessing removal jurisdiction).

22.     In determining whether the amount in controversy exceeds $75,000 exclusive of interest and costs, the Court must presume Plaintiff will prevail on each and every one of her claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

23.     Sunrise employed Plaintiff as a full-time employee beginning September 1, 2016. (Sekel Decl., ¶4.)  Plaintiff worked for approximately 99 workweeks from the beginning of the statutory period of this case (September 21, 2016) to the date of her separation from employment on July 27, 2018.

24.     Plaintiff's Complaint alleges the following nine causes of action: (1) Failure to Provide Meal Periods or Compensation in Lieu Thereof under California Labor Code §§226.7 and 1198; (2) Failure to Provide Rest Periods or Compensation in Lieu Thereof under California

5                    Case No. TBA
Defendant's Notice of Removal of Action to Federal Court
Under 28 U.S.C. §§ 1331, 1332, 1367, and 1441(a) [Diversity Jurisdiction and Federal Question]

Labor Code §§226.7 and 1198; (3) Failure to Pay Hourly and Overtime Wages under California Labor Code §§ 1194 and 1198; (4) Failure to Pay Minimum Wage under California Labor Code §§ 1194, 1197, and 1199; (5) Failure to Comply with Itemized Employee Wage Statement Requirements under California Labor Code §§ 226, 1174, and 1175; (6) Failure and Refusal to Pay Agreed Wages under California Labor Code §§ 201, 202, 204, 216, 218, 221, 223, 1194, and 1198; (7) Waiting Time Penalties under California Labor Code §§ 201, 202, 203; (8) Failure to Pay Wages Timely under California Labor Code § 204; and (9) Unfair Business Practices under Business and Professions Code §§ 17200.

25.     Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom.  For purposes of removal only, however, and without conceding that Plaintiff is entitled to any damages or penalties whatsoever, the aggregated claims of the Plaintiff establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum of $75,000.

26.     *Missed Meal Period Premium Pay* – Plaintiff claims that she is entitled to receive premium pay for non-compliant meal periods.  Under California Labor Code § 226.7, if an employer fails to provide an employee a meal period, the employer must pay one additional hour of pay at the employee's regular rate of pay for each workday that the meal period is not provided.  Plaintiff was earning an hourly rate of $16.81.  If Plaintiff shows that she missed four meal periods per week ($67.24) during the statutory period, Plaintiff may recover **$6,656.76** in meal period premiums.

27.     *Missed Rest Breaks Premium Pay* – If Plaintiff shows that she missed four rest breaks per week ($67.24) during the statutory period, Plaintiff may recover **$6,656.76** in rest break premiums.

28.     *Unpaid Overtime* – Plaintiff alleges that Defendant did not pay her overtime compensation for all of her overtime hours worked.  Plaintiff has not asserted the number of overtime hours she is allegedly owed.  Although Defendant disputes this claim, if Plaintiff establishes that she is owed five hours of unpaid overtime each week during the statutory period,

6                                Case No. TBA
Defendant's Notice of Removal of Action to Federal Court
Under 28 U.S.C. §§ 1331, 1332, 1367, and 1441(a) [Diversity Jurisdiction and Federal Question]

Plaintiff may recover **$12,483.90**.

29.   *Waiting Time Penalties* - Plaintiff also asserts that she is entitled to waiting time penalties for Defendant's failure to pay wages due upon termination under Labor Code sections 201 and 203 (Complaint at ¶¶83-87; Prayer for Relief at ¶35.)  Based on Plaintiff's daily wage, the amount in controversy for Plaintiff's claim for waiting time penalties is approximately **$4,034.40**.

30.   *Unpaid Wages* - Plaintiff alleges that, over the course of her employment, Defendant failed to compensate her for all non-overtime hours she worked.  As with Plaintiff's overtime claim, she has not asserted the number of overtime hours she is allegedly owed. Although Defendant disputes this claim, if Plaintiff establishes that she is owed three hours of unpaid straight time wages each week during the statutory period, Plaintiff may recover **$4,992.57** in allegedly unpaid wages.

31.   *Minimum Wage* - If an employer fails to pay an employee "a wage less than the minimum wage…an employee shall be entitled to recover liquidated damages in an amount equal to" the minimum wages "unlawfully unpaid" in addition to recovering the amount of wages the employee is actually owed.  Cal. Labor Code § 1194.2.  Here, Plaintiff seeks a liquidated damage award under Labor Code § 1194.2 as a result of Defendant allegedly forcing her to perform uncompensated work.

32.   California maintained a minimum wage of $10.00 per hour in 2016, $10.50 per hour in 2017, and $11.00 per hour in 2018.  Cal. Labor Code. § 1182.12.  Multiplying these figures against the alleged number of uncompensated hours of work Plaintiff performed during her employment (see discussion above) establishes that Plaintiff seeks a liquidated damage award of $1,020.00 for 2016, $3,276.00 for 2017, and $1,914 for 2018.  Adding these figures together demonstrates that Plaintiff seeks a liquidated damage award of at least **$6,210**.

33.   *Wage Statement Penalties* - An employer must also pay a statutory penalty of $50.00 for knowingly failing to provide an employee with an accurate wage statement and $100.00 for each subsequent violation. Cal. Lab. Code §§ 226(a), (b).  A claim for failure to provide accurate wage statements has a one-year statute of limitations.  Code of Civ. Proc. § 340.

7

Case No. TBA

Defendant's Notice of Removal of Action to Federal Court
Under 28 U.S.C. §§ 1331, 1332, 1367, and 1441(a) [Diversity Jurisdiction and Federal Question]

Given that Plaintiff's cause of action for inaccurate wage statements has a one-year statute of limitation, Plaintiff can only recover penalties for 24 inaccurate wage statements, which results in total damage claim of **$2,350** for Defendant's alleged violation of Labor Code § 226. ($50.00 for initial inaccurate wage statement + $100 for the remaining 23 inaccurate wage statements).

34.  *Late Payment Penalties* – Plaintiff's eighth cause of action alleges that Defendant failed to timely pay her earned wages within the time frame set forth under Labor Code § 204. (Complaint at ¶90.)  The penalty for an alleged violation of Labor Code § 204 is set forth in Labor Code § 210, which sets a penalty of $100.00 for the initial violation and $200.00 for each subsequent violation, plus 25 percent of the amount unlawfully withheld.  This claim has a one-year statute of limitation, so Plaintiff can only recover penalties for 24 inaccurate wage statements, which results in total damage claim of **$4,700** for Defendant's alleged violation of Labor Code § 204. ($100.00 for initial late payment + $200 for the remaining 23 late payments).

35.  Attorneys' Fees – Plaintiff finally seeks "reasonable attorneys'...fees" for Defendant's alleged violations of the California Labor Code.  (Complaint at Prayer for Relief, ¶¶6, 13, 19, 25, 31, 37, 42.)  "Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution...contributes to the amount in controversy." *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002); *Celestino v. Renal Advantage, Inc.*, 2007 U.S. Dist. LEXIS 33827, *11 (N.D. Cal. 2007)(" the amount in controversy includes...a reasonable assessment of damages likely to be accrued after the time of removal").  At the minimal rate of $350 per hour, Plaintiff would reach the jurisdictional threshold of $75,000 in 214 hours.  *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 U.S. Dist. LEXIS 130082, at *9-10 (E.D. Cal. Sept. 10, 2013).  Plaintiff's reasonable attorney's fees alone will accordingly exceed **$75,000** if the case proceeds to trial.  Even after only 100 hours of billable time, her attorney's fees – at the minimal rate of $350 per hour – would amount to $35,000.  Therefore, the inclusion of a claim for attorneys' fees also supports the conclusion that the total amount in controversy in this matter exceeds $75,000.

36.  Based on the foregoing, and without conceding that Plaintiff is entitled to the damages she seeks (or any damages whatsoever, which Defendant expressly denies), the total

8                                                     Case No. TBA
Defendant's Notice of Removal of Action to Federal Court
Under 28 U.S.C. §§ 1331, 1332, 1367, and 1441(a) [Diversity Jurisdiction and Federal Question]

1   potential recovery for Plaintiff more likely than not exceeds $75,000 exclusive of interest and

2   costs.

3   **VII.   THIS CASE IS REMOVABLE BASED ON FEDERAL QUESTION**

4          37.    Federal "district courts shall have original jurisdiction of all civil actions under

5   the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *See also* 28 U.S.C.

6   § 1367(a).

7          38.    Plaintiff's Complaint alleges the following nine causes of action: (1) Failure to

8   Provide Meal Periods or Compensation in Lieu Thereof under California Labor Code §§226.7

9   and 1198; (2) Failure to Provide Rest Periods or Compensation in Lieu Thereof under California

10  Labor Code §§226.7 and 1198; (3) Failure to Pay Hourly and Overtime Wages under California

11  Labor Code §§ 1194 and 1198; (4) Failure to Pay Minimum Wage under California Labor Code

12  §§ 1194, 1197, and 1199; (5) Failure to Comply with Itemized Employee Wage Statement

13  Requirements under California Labor Code §§ 226, 1174, and 1175; (6) Failure and Refusal to

14  Pay Agreed Wages under California Labor Code §§ 201, 202, 204, 216, 218, 221, 223, 1194, and

15  1198; (7) Waiting Time Penalties under California Labor Code §§ 201, 202, 203; (8) Failure to

16  Pay Wages Timely under California Labor Code § 204; and (9) Unfair Business Practices under

17  Business and Professions Code §§ 17200.

18         39.    All of Plaintiff's alleged causes of action have been released pursuant to the class

19  action settlement in the consolidated cases, *Van Cleave v. Sunrise Senior Living Management,*

20  *Inc.*, Case No. 3:19-cv-00044 (L) (NLS) (S.D. Cal.) ("*Van Cleave*"); and *Schlieser v. Sunrise*

21  *Senior Living Management, Inc.*, Case No. 8:19-cv-00443 (JAK) (PLA) (C.D. Cal.)

22  ("*Schlieser*"). (Sevilla Decl., ¶4.) The United States District Court, Central District of

23  California, has expressly retained jurisdiction "with respect to any issues that arise as to the

24  implementation of the Settlement and related matters." Defendant is filing a Motion to Transfer

25  this case to the Central District of California. (Sevilla Decl., ¶4.)

26         40.    Plaintiff's causes of action therefore arise under federal law, and permits removal

27  based on federal question jurisdiction.

28  ///

9                              Case No. TBA
Defendant's Notice of Removal of Action to Federal Court
Under 28 U.S.C. §§ 1331, 1332, 1367, and 1441(a) [Diversity Jurisdiction and Federal Question]

**SUPPLEMENTAL JURISDICTION**

41.    Plaintiff's causes of action arise from the same transactions and rely on identical and/or substantially common facts for the resolution and thus form part of the same controversy under Article III as the consolidated *Van Cleave* and *Schlieser* class action cases.

42.    Because this Court has original jurisdiction over Plaintiff's causes of action for violation of the California Labor Code, this Court should exercise supplemental jurisdiction over Plaintiff's remaining claims – which are within the same case or controversy – pursuant to 28 U.S.C.  § 1367(a).  *See also Sea-Land Service, Inc. v. Lpozen International*, 285 F.3d 808, 813 (9th Cir. 2002); *Picard v. Bay Area Regional Transit Dist.*, 823 F. Supp. 1519, 1526 (N.D. Cal. 1993).

43.    Defendant accordingly removes the above-titled action now pending in the Superior Court for the State of California for the County of Monterey to this Court.

**VIII.    CONCLUSION**

WHEREFORE, Defendant requests that this Court assume jurisdiction of this entire action and make such further orders as may be required to properly determine this controversy.

Dated:  October 18, 2022                                JACKSON LEWIS P.C.


By:    /s/ Angel R. Sevilla
Angel R. Sevilla
Attorneys for Defendant
SUNRISE SENIOR LIVING
MANAGEMENT, INC.

4873-0985-7845, v. 1